IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § § § | |
| *Plaintiff,* | § § | Civil Action No. _____ |
| v. | § § | Jury Trial Demanded |
| TACO MAYO FRANCHISE SYSTEMS, INC., | § § § § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FOR PATENT INFRINGEMENT**

Plaintiff DietGoal Innovations LLC files this Complaint against Taco Mayo Franchise Systems, Inc. (the "Defendant") and alleges as follows:

**PARTIES**

1. Plaintiff DietGoal Innovations LLC ("DietGoal Innovations") is a Texas Limited Liability Company based in Austin, Texas.

2. Upon information and belief, Defendant Taco Mayo Franchise Systems, Inc. ("Taco Mayo") is a corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business located at 10405 Greenbriar Place, Suite B, Oklahoma City, Oklahoma 73159. Taco Mayo may be served with process through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Taco Mayo is subject to this Court's general and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b) has designated an agent for service of process in the State of Texas; and/or (c) has committed acts of infringement in the State of Texas as alleged below; and/or (d) is engaged in continuous and systematic activities in the State of Texas. Therefore, this Court has personal jurisdiction over Taco Mayo under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Taco Mayo has a regular and established place of business in this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

7. On July 1, 2003, the United States Patent and Trademark Office issued United States Patent No. 6,585,516 (the "'516 patent") entitled "Method and System for Computerized Visual Behavior Analysis, Training, and Planning," a true copy of which is attached as Exhibit A.

8. DietGoal Innovations is the exclusive licensee of the '516 patent and possesses all rights to sue for and recover all past, present and future damages for infringement of the '516 patent.

## CLAIM 1 -- INFRINGEMENT OF U.S. PATENT NO. 6,585,516

9. Defendant Taco Mayo has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States

the computer implemented website www.tacomayo.com which has a computerized meal planning interface at http://www.tacomayo.com/Nutrition.aspx.

10. As a direct and proximate consequence of the acts and practices of Taco Mayo in infringing, directly and/or indirectly, one or more claims of the '516 patent, DietGoal Innovations has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

11. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to DietGoal Innovations.

12. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and DietGoal Innovations is thus entitled to an award of its reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

13. DietGoal Innovations, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DietGoal Innovations requests entry of judgment that:

1. Taco Mayo has infringed the patent-in-suit;

2. Taco Mayo account for and pay to Plaintiff all damages caused by its infringement of the patent-in-suit; and

3. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4. The Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. Costs be awarded to Plaintiff; and

6.      Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 13, 2012                Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:   */s/ Niky Bukovcan*
      Christopher M. Joe (Lead Counsel)
      State Bar No. 00787770
      Chris.Joe@BJCIPLaw.com
      Eric W. Buether
      State Bar No. 03316880
      Eric.Buether@BJCIPLaw.com
      Brian A. Carpenter
      State Bar No. 03840600
      Brian.Carpenter@BJCIPLaw.com
      Mark D. Perantie
      State Bar No. 24053647
      Mark.Perantie@BJCIPLaw.com
      Niky Bukovcan
      State Bar No. 24078287
      Niky.Bukovcan@BJCIPLaw.com
      Monica Tavakoli
      State Bar No. 24065822
      Monica.Tavakoli@BJCIPLaw.com

      1700 Pacific Avenue
      Suite 4750
      Dallas, Texas 75201
      Telephone:   (214) 466-1278
      Facsimile:   (214) 635-1831

      **ATTORNEYS FOR PLAINTIFF**
      **DIETGOAL INNOVATIONS LLC**