IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC | § § § | |
| v. | § § | Case No. 2:12-CV-336-JRG-RSP |
| TACO MAYO FRANCHISE SYSTEMS, INC. | § § § | |

## MEMORANDUM ORDER

Before the Court is Defendant Taco Mayo Franchise System Inc.'s Motion to Transfer Venue to the Western District of Oklahoma (Dkt. No. 17, filed August 8, 2012). Taco Mayo argues that the Western District of Oklahoma is a clearly more convenient forum for this case. Plaintiff DietGoal Innovations LLC opposes transfer. After considering all of the record evidence and weighing the various factors, the Court finds that the Western District of Oklahoma is a clearly more convenient venue.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d

1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

A. **Proper Venues**

The Western District of Oklahoma and the Eastern District of Texas are both proper venues for this case.

B. **Private Interest Factors**

    1. **Cost of Attendance for Willing Witnesses**

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* Wright & Miller, *Federal Practice and Procedure* § 3851. "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

Taco Mayo's employees reside in the Western District of Oklahoma. Timothy Salmon and Daniel Mitry, the managing members of DietGoal, reside in New York City. Dr. Oliver Alabaster, the inventor of the asserted patent, is a third party witness who resides in Alexandria, Virginia. Dr. Alabaster is also the founder and chief executive officer of DietFit, Inc., the third party entity that practices the asserted patent. DietFit is located in Alexandria, Virginia. Alexandria is located in the Eastern District of Virginia. Steven Kelber, the attorney that prosecuted the asserted patent, has an office in Bethesda, Maryland. Bethesda is in the District

of Maryland. Two independent contractors employed by Taco Mayo to design, develop, and maintain the accused website are located in the Western District of Oklahoma.

### 2. Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted). Taco Mayo's records are located in the Western District of Oklahoma. There is likely to be discoverable evidence from Dr. Alabaster and DietFit, which are located in Alexandria, Virginia. Given that the parties do not describe the type or quantity of evidence at any location, the Court finds that this factor should be given less weight. Nonetheless, this factor weighs in favor of transferring this case to the Western District of Oklahoma.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

Taco Mayo's independent contractors are located within the subpoena power of the Western District of Oklahoma. Neither party identifies any witnesses within the subpoena power of this district. This factor weighs in favor of transfer to the Western District of Oklahoma.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The Court finds that this factor is neutral.

### C. Public Interest Factors

### 1. Local Interest in Having Localized Interests Decided at Home

Taco Mayo's principal place of business is in the Western District of Oklahoma. This factor weighs in favor of transfer to the Western District of Oklahoma.

**2.     Familiarity of the Forum With the Law that Will Govern the Case, Administrative Difficulties Flowing From Court Congestion, and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The Court finds that the remaining public interest factors are neutral.

## CONCLUSION

After considering all of the relevant evidence and factors, the Court finds that the Western District of Oklahoma is a clearly more convenient venue. Accordingly, it is **ORDERED** that this case be transferred to the Western District of Oklahoma.

**SIGNED this 25th day of March, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE